UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO: CV-

| | |
|---|---|
| JARRELL R. CISNEROS<br>　　　Plaintiff<br>　　v.<br>SUN EAST FEDERAL CREDIT UNION<br>　　and<br>TRANSUNION, LLC<br>　　and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>　　and<br>EQUIFAX CREDIT INFORMATION<br>SERVICES, INC.<br>　　　Defendants | COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought under the individual consumer, Jarrell R. Cisneros, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. § 1681, et. seq.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681p, et. seq. and 28 U.S.C. §1331, 1337.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. Plaintiff, Jarrell R. Cisneros, ("Plaintiff") is an adult individual residing in Spring Lake, Michigan and is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

5. Defendant, SUN EAST FEDERAL CREDIT UNION is a business entity that regularly conducts business in Philadelphia and surrounding counties and has a principal place of business

located in located in Aston, Delaware County, Pennsylvania. At all times relevant hereto, was a person as that term is defined by the FCRA, 15 U.S.C. § 1681a(b) and (f) and reported inaccurate and derogatory credit information about Plaintiff from its Pennsylvania location.

6.  Defendant, TRANSUNION, LLC ("Transunion"), is a person and consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(b) and (f) and has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022 and regularly conducts business in the Eastern District of Pennsylvania. At all times relevant hereto, Transunion created and published credit reports which were considered "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

7.  Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), is a person and consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(b) and (f) and has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054 and regularly conducts business in the Eastern District of Pennsylvania. At all times relevant hereto, Experian created and published credit reports which were considered "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

8.  Defendant, EQUIFAX INFORMATION SERVICES, INC, ("Equifax"), is a person and consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(b) and (f) and has a principal place of business located at 815 Gate Drive, Suite 102, Mount Laurel, NJ 08054 and regularly conducts business in the Eastern District of Pennsylvania. At all times relevant hereto, Equifax created and published credit reports which were considered "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

9.  At all times material and relevant hereto, Defendants acted by and through their respective owners, managers, officers, shareholders, authorized representatives, partners,

employees, agents, attorneys and/or workmen within the course and scope of their agency or employment and have been reporting derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information") since, at least, October 2015 through the present.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff had two accounts with Sun East. One account was based upon a consumer credit card and the other a personal loan.

11. Despite having just the two accounts with Sun East, Sun East and Experian reported two of the same accounts twice ("Duplicate Accounts") and another account which never existed ("Phantom Account").

12. Experian recently deleted one of the duplicate accounts but continues to report the other duplicate account and a phantom account.

13. On or about October 25, 2016, Plaintiff and Sun East entered into an Agreement whereby Plaintiff would pay the amount of $10,480.33 to pay off one of the actual accounts to Sun East.

14. The Agreement stated, inter alia, that "The Credit Bureau reporting will be as follows: "Paid Account, was a charge off, zero balance".

15. Despite the aforesaid Agreement, Experian, Transunion and Equifax credit reports are still improperly reporting the status of the October 25, 2016 account by either failing to state there was a zero balance or just listing the account as being charged off.

16. Plaintiff has disputed the inaccurate information with Sun East on multiple occasions.

17. Plaintiff has disputed the inaccurate information to Trans Union, Equifax, Experian and through both oral and written communications to their representatives and by following each of their established procedures for disputing consumer information.

18. Transunion, Equifax and Experian each notified Sun East of Plaintiff's disputes.

19. Notwithstanding Plaintiff's efforts, Defendants, Transunion, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

20. The inaccurate information negatively and erroneously reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

21. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

22. In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants with extrinsic written documentation corroborating Plaintiff's disputes.

23. Sun East has failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the credit reporting agencies and the Plaintiff concerning Plaintiff's disputes and has willfully continued to report such inaccurate information to various credit reporting agencies.

24. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

25. Plaintiff's credit reports and file have been obtained from Defendants Transunion, Experian and Equifax and have been reviewed by prospective and existing credit grantors and extenders of credit and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

26. Plaintiff has applied for and has been denied loans, extensions of consumer credit. Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials. On the loans received by Plaintiff, he has had to pay higher interest rates due to the inaccurate information.

27. As a result of Defendants violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, pay higher interest rates, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to her damages, in an amount to be determined by the jury.

28. As a result of Defendants' conduct, Plaintiff has suffered physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, denial of credit, lost opportunity to receive credit, pay higher interest rates and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

30. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score.

31.     Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, pay higher interest rates, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to her damages, in an amount to be determined by the jury inquiries appearing on Plaintiff's credit file.

## V. CAUSES OF ACTION
## COUNT I
## (FCRA - 15 U.S.C. § 1681n and o)
### Plaintiff v. Transunion, Experian and Equifax

32.     Plaintiff incorporates his allegations in the foregoing paragraphs as though set forth at length herein.

33.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from

Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information0 despite having knowledge of its accuracy and/or inability to be verified.

34. The conduct of Defendants Transunion, Experian and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants, Transunion, Experian and Equifax are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JARRELL R. CISNEROS prays judgment against Transunion, Experian and Equifax individually, jointly and severally, as follows:

    a.    Actual damages;

    b.    Punitive damages;

    c.    Statutory damages;

    d.    Attorney fees and costs incurred as expenses in this action;

    e.    Such other relief that this Honorable Court deems just and appropriate.

**COUNT II**
**(FCRA - 15 U.S.C. § 1681n and o)**
**Plaintiff v. Sun East Federal Credit Union**

35.    Plaintiff incorporates his allegations in the foregoing paragraphs as though set forth at length herein.

36.    Sun East began reporting derogatory and inaccurate information relating to Plaintiff's credit history to third parties including but not limited to TransUnion, Equifax and Experian.

37.    Despite disputing the derogatory and inaccurate information, Sun East continued to report the inaccurate and derogatory information, failed to perform reasonable reinvestigations of the above disputes as required, failed to remove the inaccurate information and failed to note the disputed status of the inaccurate information.

38.    Defendant Sun East violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (c) willfully and negligently failing to conduct a proper and reasonable

reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

(d) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(e) willfully and negligently failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(f) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(g) willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(h) willfully and negligently failing to note the Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(i) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(j) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(k) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the

accuracy of the information and/or being provided with proof of its inaccuracy; and

(l) willfully and negligently continuing to report the inaccurate information0 despite having knowledge of its accuracy and/or inability to be verified.

(m) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

39. The conduct of Defendant Sun East was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant, Sun East, is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JARRELL R. CISNEROS prays for judgment against Sun East Federal Credit Union as follows:

a. Actual damages;

b. Punitive damages;

c. Statutory damages;

d. Attorney fees and costs incurred as expenses in this action;

e. Such other relief that this Honorable Court deems just and appropriate.

### VI. DEMAND FOR JURY TRIAL

40. Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610 293-9399